## Case No. 12,110.

### RUDDICK v. BILLINGS.

[Woolw. 330;[1] 3 N. B. R. 61 (Quarto, 14); 2 West. Jur. 275.]

Circuit Court, D. Iowa. Oct., 1868.

BANKRUPTCY—REMOVAL TO CIRCUIT COURT—JURISDICTION OF CIRCUIT COURT.

1. Actions at law are removed for review, from an inferior to a superior court of the United States, by writ of error; and suits in chancery, by appeal.

2. This distinction is, by the 8th section of the bankrupt act [14 Stat. 517], preserved.

3. On a writ of error, no question of fact can be re-examined: only questions of law are subject to review.

4. Consequently, a bill of exceptions, embodying the testimony taken in support of, and re-

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

sistance to. an application for a bankrupt's discharge, which shows no question of law raised or decided on the trial, and an exception only to the final order granting the discharge, does not present a case for review on writ of error.

5. Whether, upon a contested application of a bankrupt for a discharge, a debt or damages are claimed amounting to more than five hundred dollars, so as to vest in the circuit court appellate jurisdiction, quære?

6. To the general rule that the writ of error will be entertained, and the judgment affirmed, unless the record shows some error of which the revisory court can take cognizance, there are exceptions. In exceptional cases, the writ will be dismissed without prejudice to another writ, or to an effectual process to remove the cause.

7. The second section of the bankrupt act confers on the circuit court complete and unlimited control over proceedings in bankruptcy, including the whole case, so that it may be removed from the district court, and also any separate branch of it, or any particular question arising in it.

[Cited in Re Sutherland, Case No. 13,636; Re Hall, Id. 5,920; Littlefield v. Delaware & H. Canal Co., Id. 8,400.]

8. And it may assume and exercise this jurisdiction by bill, petition, writ of error, writ of certiorari, or other appropriate process.

9. It would seem that the proper process by which to remove from the district to the circuit court, an order granting or refusing a discharge, is by petition under the 2d section of the act.

[Cited in Re Hall, Case No. 5,920.]

This was a writ of error to the district court. It was sued out by [Eliza J.] Ruddick, a creditor, in order to bring into this court for review an order granting a discharge in bankruptcy to [J. B.] Billings. The proceedings were voluntary, and the discharge was resisted by the creditor on the ground that the bankrupt had, pending the proceedings, made fraudulent entries in his books. A large amount of testimony was taken. No question of law was raised or decided upon the trial, nor in the course of the proceedings. The creditor complained of the order granting the discharge, simply upon the ground that the finding of fact by the district judge was against the evidence. A motion was made on behalf of the bankrupt to dismiss the writ of error.

Section 2 of the bankrupt act (14 Stat. 517) provides as follows: "That the several circuit courts of the United States, within and for the districts where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act; and, except when special provision is otherwise made, may, upon bill, petition, or other proper process, of any party aggrieved, hear and determine the case in a court of equity. * * *" And section 8 provides: "That appeals may be taken from the district to the circuit courts in all cases in equity, and writs of error may be allowed to said circuit courts from said district courts in cases at law under the jurisdiction created by this act, when the debt or damages claimed amount to more than $500, and any supposed creditor, whose

claim is wholly or in part rejected, or any assignee who is dissatisfied with the allowance of a claim, may appeal from the decision of the district court to the circuit court for the same district; but no appeal shall be allowed in any case from the district to the circuit court unless it is claimed, and notice given thereof to the clerk of the district court, to be entered with the record of the proceedings, and also to the assignee or creditor, as the case may be, or to the defeated party in equity, within ten days after the entry of the decree or decision appealed from. * * * No writ of error shall be allowed unless the party claiming it shall comply with the statutes regulating the granting of such writs."

Mr. Rankin, for the motion.

Gillmore & Anderson, contra.

MILLER, Circuit Justice. The statutes of the United States and the practice in the federal courts provide two modes of removing causes from an inferior to a superior court: One, a writ of error, and the other an appeal. And that one is to be availed of by an aggrieved party which corresponds with the nature of the case; that is, in an action at common law, the proper process to remove the judgment for review into the superior court, is the writ of error, and in a suit in chancery it is an appeal. If the proceeding appropriate to one class of actions is used in the other, the cause is not removed, and the appellate court is without jurisdiction. Thus, in M'Cullum v. Eager, 2 How. [43 U. S.] 61, it was held that a decree in chancery cannot be brought up by writ of error; and in Sarchet v. U. S., 12 Pet. [37 U. S.] 143, that an action at law cannot be brought up by appeal. Very many cases might be cited to the same effect. In U. S. v. Wonson [Case No. 16,750]; Westcot v. Bradford [Id. 17,429]; U. S. v. Haynes [Id. 15,335], —the same distinction was maintained in bringing causes from the district to the circuit court.

The 8th section of the bankrupt act provides: "That appeals may be taken from the district to the circuit court in all cases in equity, and writs of error may be allowed to said circuits from said district courts in all cases at law under the jurisdiction created by this act." Here the same distinction is retained, and it is enforced in the last clause of the section, which provides, that "no writ of error shall be allowed unless the party claiming it shall comply with the statutes regulating the granting such writs." If the order sought to be brought by this writ of error was made in a case at law, and the record presents a question of law for our decision, then that was the proper process for bringing up the record, but otherwise it must be dismissed.

The record brought up by this writ of error contains a bill of exceptions embodying all

the testimony taken on the hearing of the application for the discharge of the bankrupt. The reason alleged by the creditor against the application was, that after the commencement of the proceedings, the bankrupt had made fraudulent alterations in his books of account. Upon this question voluminous testimony was taken, but no point of law was ruled by the judge on the hearing. He, in his finding, determined the question of fact thus tried before him in favor of the bankrupt, and awarded to him his discharge. It was to this final order, based on the determination of a simple question of fact, and to this final order only, that an exception was taken. This is the only exception disclosed by the record. Nothing is presented here but questions of fact. Did the defendant make the alleged alterations? Were they important? Were they false? Were they made with a fraudulent intent? Such a record presents nothing that can be considered on a writ of error. It is well settled that, at the common law, and according to the practice in the federal courts, no question of fact can be re-examined on writ of error. It may be necessary, to enable the court to see the principle of law, to embody the facts to some extent in the bill of exceptions, but it is always the decisions of law that are subject to review, and not the determination of any question of fact. Burr v. Des Moines Nav. Co., 1 Wall. [68 U. S.] 102.

But we are presented with another consideration. The statute provides that the circuit courts, by the proper proceeding, may have appellate jurisdiction, when "the debt or damages claimed amount to more than $500." In determining whether the debtor should be discharged, we have to inquire whether the debt or damages claimed amounted to over $500. Ruddick proved his debt before the register in the usual manner. It exceeded $2000, and was not disputed. Neither its validity or amount was involved in the question of the debtor's discharge. No question in reference to it can be here raised. On the other hand, the discharge releases the bankrupt from this debt, and from his legal obligation to pay it to his creditor. The right of the plaintiff to contest the discharge and his interest in the question involved arises out of the existence of this large debt. The acts of congress conferring upon the supreme court jurisdiction of cases involving certain amounts, use language somewhat different from that in the bankrupt act. They provide that judgments and decrees of the circuit courts may be re-examined in the supreme court, when the matter in dispute exceeds the sum or value of $2000. It has been held that if the matter in dispute is capable of a money valuation. the case is within the statute, but not otherwise. Accordingly it has been decided that the right to guardianship of an infant owning large property was not capable of such valuation. Ritchie v. Mauro, 2 Pet. [27 U. S.] 243; Barry v. Mercien, 5

How. [46 U. S.] 103; De Krafft v. Barney, 2 Black [67 U. S.] 704. But the right of a person held in slavery to his freedom, has been held to have a money value, and sufficient to support a writ of error. Lee v. Lee, 8 Pet. [75 U. S.] 44. Had this bankrupt been refused his discharge, and the statutes been alike, the case would resemble that of the slave's claim to freedom. But in the bankrupt act, the right to review by appeal, or writ of error, depends not on the nature "of the matter in dispute," but on the "amount of the debt or damages claimed." And the question again recurs, is any debt or damages claimed by a creditor who resists the bankrupt's discharge? The point is a very narrow one. No direct authority has been cited to me, and I have not had an opportunity for extended examination. I will not at present express any opinion on the question, as I can decide the present case without doing so. It is sufficient for us to say here that the writ was not the proper process to bring up this record. But it does not follow that such an order should be made as will constitute a bar to another attempt to bring the matter into this court by an effectual and proper process. The general rule undoubtedly is, that the writ will be entertained, and a judgment of affirmance entered, unless the record shows some error of which the revisory court can take cognizance. But to this rule there are exceptions. Thus, in the record of Burr v. Des Moines Navigation Co., 1 Wall. [68 U. S.] 99, there was a paper which was not signed by counsel, nor spread upon the record, and therefore was not an agreed statement of facts or case stated; yet, as both parties had so considered it, and had prepared it with the view of obtaining the opinion of the court thereon, and had argued the case in that view, the court dismissed the writ of error, thus leaving the parties at liberty, if they found themselves able to do so, to remove the difficulties in the way of the court reviewing the case, and presenting it again for its consideration.

This leads me to an examination of the 2d section of the bankrupt law, under which it is claimed this writ may be sustained. That section may well be said to be brief and comprehensive. It would be difficult to use language conferring a more complete supervision over all the proceedings of the district court in bankruptcy than this. There is a general "superintendence," and lest that word might not indicate everything, there is also a general "jurisdiction" conferred. This extends not only to all cases, but to all questions arising under the act. In other words, the circuit court may remove the whole case and decide on it, or it may assume jurisdiction of any particular question arising in its progress. The mode of exercising this jurisdiction is equally liberal. It may be by bill, by petition, or other process.—that is, by writ of error, by certiorari, or any other process

by which a case can be transferred from an inferior to a superior court. If any party considers himself aggrieved by the action of the district court in granting the debtor a discharge, he may, under this comprehensive power, be heard in that matter in the circuit court. It is not difficult to select such form of proceeding as is proper in the cases as they may arise; as, for instance, by bill in a suit in equity to avoid a fraudulent conveyance; or by petition to bring before the court in a summary way some matter, the parties interested in which are before the district court; or by certiorari to bring up some part of the case before its final disposition; or by any other of the several modes by which the intervention of a superior court in proceedings in an inferior is secured. In fact, such is the difference in the terms of the 8th and 12th sections, the former providing an appellate jurisdiction in "cases," the latter a supervision not only of all cases, but also of all "questions," arising under the act, that it would seem that it is rather under the latter than the former provisions that such a matter as an order granting or refusing a discharge may be brought here for review. But if that be not so. the grant of jurisdiction in that section is ample to authorize the review in this court of such an order, when properly brought here in any of the ways there provided. To hold otherwise would be to say that one of the most important questions which the district court is called upon to decide, both as it affects the interests of the bankrupt and those of his creditor, is not under the superintendence, nor within the jurisdiction, of the circuit court. Such a view is in direct conflict with the language, and still more with the spirit, of this section. If a writ of error were, therefore, in the language of this section, "a proper process" to bring up the question, I would entertain the case, and decide it on its merits. But I have already shown that for this purpose it is not a "proper process." As the record, however, exhibits a case which may be brought before this court by petition, or by some other appropriate proceeding, for hearing on its merits, I will not enter an order affirming the judgment of the district court, lest it stand in the way of a revision on the merits, but, exercising the general power of superintendence over the case which belongs to this court, the writ of error will be dismissed at the plaintiff's cost, and he will be remitted to such other proceeding as he may think advisable.

Motion sustained, and writ of error dismissed, without prejudice to such proper proceedings for the removal of the case into this court as the creditor may, under the 2d section of the act, be advised to pursue.

NOTE. See In re Alexander [Case No. 160], U. S. Cir. Ct. D. Va., Mr. Chief Justice Chase presiding, in which the supervisory jurisdiction of the circuit court was invoked by petition to review an order of the district court directing a sale of encumbered real estate; and Langley v. Perry [1d. 8,067], U. S. Cir. Ct. D. Ohio, Mr. Justice Swayne presiding, in which the jurisdiction was invoked by bill to reverse an adjudication of bankruptcy (involuntary); and a note to these cases in 8 Am. Law Reg. (U. S.) 429, in which the principal case is mentioned, but not with perfect accuracy. See, also, a well considered article on the jurisdiction of the circuit court in bankruptcy. 7 Am. Law Reg. 641.